# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KAMERON TUNSTALL,

          Petitioner,    :    Case No. 1:22-cv-280

  - vs -                            District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
  Institution,

                                :
         Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations (ECF No. 19) which recommends the Petition be dismissed with prejudice. District Judge Barrett has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 21).

Many things can go wrong in a criminal trial, but the authority of federal courts to issue the writ of habeas corpus with respect to state court convictions is limited to cases where the conviction was obtained in violation of the United States Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). We do not have authority to grant the writ for an error in state law, including state evidence law. *Bradshaw v. Richey*, 546 U.S. 74 (2005). We do not have authority to grant the writ for abuse of discretion by a state court judge. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). We do not have authority to grant the writ to

1

a petitioner who has procedurally defaulted on his claim by not fairly presenting it to the state courts. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).

Because the Ohio Rules of Evidence are patterned so closely on the Federal Rules of Evidence, there is a temptation to treat federal caselaw interpreting the federal rules as making constitutional rulings.

The Report attempted to keep these distinctions clear, but the Objections fight back.

**Ground One: Trial Court Failure to Engage in Mandated Rule 403 Balancing**

The underlying crime is a gang-related revenge killing. On direct appeal, the Ohio Twelfth District Court of Appeals explained at length why the gang-affiliation evidence presented by the State was proper under Ohio R. Evid. 404 to show motive and planning rather than character or propensity. *State v. Tunstall,* 2020-Ohio-5124, ¶¶ 28-46 (Ohio App. 12th Dist. Nov. 2, 2020). It also found under Ohio R. Evid. 403 that its probative value was not outweighed by any prejudicial effect. *Id.*

This Court cannot review these Ohio evidence law rulings as such. In his First Ground for Relief, Tunstall attempts to make this a federal constitutional issue by asserting the trial judge did not engage in the balancing required by Ohio R. Evid. 403 before admitting gang affiliation evidence and thereby deprived him of "due process" and a "fair trial."

The trial judge held a hearing on the Rule 404-403 issues and filed a summary entry finding the gang affiliation evidence admissible. The hearing was transcribed and before the Twelfth District on appeal. That court held the trial judge was not required to express his Rule 403 conclusions in any particular way. The Report recommends dismissing Ground One as

procedurally defaulted because it was not presented as a federal constitutional claim (ECF No. 19, PageID 2219-22).  Alternatively, the Report recommends dismissing Ground One on the merits because Tunstall had not shown the decision of the Twelfth District was contrary to or an objectively unreasonable application of Supreme Court precedent. *Id.* at PageID 2223.

Tunstall objects to the procedural default conclusion by noting that he argued "plain error" to the Twelfth District (Objections, ECF No. 20, PageID 2235-37).  "Plain error" is not a constitutional claim, but a way of avoiding dismissal of an assignment of error on appeal for lack of a contemporaneous or other trial court objection.  Ohio R. Crim. P. 52(b).  Tunstall argues the Twelfth District "understood the crux of Mr. Tunstall's argument – that the admission of the 404(B) gang membership evidence was so prejudicial as to infect the whole trial, thereby denying Mr. Tunstall his constitutional rights to due process and a fair trial." (Objections at PageID 2237, citing *Tunstall*, 2020-Ohio-5124, ¶ 52).  However nothing at the cited place evinces such an "understanding."  An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

Finally, claims of denial of "due process" and lack of a "fair trial" do not fairly present do not fairly present a federal constitutional claim to a state court.  Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process

and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Alternatively, the Report recommends dismissing Ground One on the merits because Tunstall has not shown the Twelfth District's decision is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent.  In his Objections Tunstall relies on a circuit court decision which in turn relies on a Federal Rules of Evidence Supreme Court precedent. Tunstall still has not shown the Twelfth District's decision is contrary to or an objectively unreasonable application of any Supreme Court constitutional precedent.

**Ground Two: Failure to Apply Correct Legal Standard in Deciding Ineffective Assistance Claim**

In his Second Ground for Relief, Tunstall asserts he was denied due process when the Twelfth District did not properly apply *Strickland v. Washington,* 466 U.S. 668 (1984), to his ineffective assistance of trial counsel claim (Petition, ECF No. 3, PageID 40).

The Report concluded the Twelfth District's decision was a reasonable application of *Strickland* and Ground Two should therefore be dismissed on the merits (ECF No. 19, PageID 2229).

Tunstall objects, but the Magistrate Judge concludes no further analysis beyond the Report is needed.

4

**Ground Three: Trial Court's Limiting Instruction Denied Tunstall Due Process and a Fair Trial**

In his Third Ground for Relief, Tunstall claims the trial court's instruction to the jury on the limited purpose for which they could consider the Rule 404(B) gang affiliation evidence violated his rights to due process and a fair trial.

In the Return of Writ, Respondent asserted this claim was procedurally defaulted on the same basis as Ground One, to wit, failure to fairly present the claim as a constitutional claim to the state courts. Noting that Tunstall had not responded to this argument, the Report recommended the default defense be upheld (ECF No. 19, PageID 2230).

Tunstall makes no new objection to this analysis, but incorporates his Petition and Traverse by reference. Accordingly, no further analysis is needed here.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge adheres to his original recommendation that the Petition should be dismissed with prejudice.

September 22, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the

proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

s/ *Michael R. Merz*<br>
United States Magistrate Judge